Citation Nr: AXXXXXXXX
Decision Date: 06/30/21 Archive Date: 06/30/21

DOCKET NO. 210511-159364
DATE: June 30, 2021

ORDER

Entitlement to an effective date of December 22, 2017, for the grant of a total disability rating based on unemployability (TDIU) is granted.

FINDING OF FACT

The Veteran filed a claim for a TDIU that was received on December 22, 2017; he has continuously prosecuted the claim since that date.

CONCLUSION OF LAW

The criteria for establishing an effective date of December 22, 2017, but not earlier, for the assignment of a TDIU rating have been met. 38 U.S.C. §§ 5107, 5110 (2012); 38 C.F.R. § 3.400 (2020).

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from September 1964 to October 1968 and from December 1990 to July 1991.

In October 2020, the Veteran submitted a VA Form 20-0996, Decision Review Request: Higher-Level Review (HLR), and requested review of a February 2020 rating decision. In April 2021, the agency of original jurisdiction (AOJ) issued the HLR decision on appeal, which considered the evidence of record at the time of the initial rating decision. 

In the May 2021 VA Form 10182, Decision Review Request: Board Appeal, the Veteran elected the Direct Review docket. Therefore, the Board may only consider the evidence of record at the time of the agency of original jurisdiction (AOJ) decision on appeal. 38 C.F.R. § 20.301.

1. Entitlement to an effective date prior to October 28, 2019, for the grant of a total disability rating based on unemployability (TDIU)

Generally, the effective date of an evaluation and award of pension, compensation or dependency and indemnity compensation based on an original claim, a claim reopened after final disallowance, or a claim for increase will be the date of receipt of the claim or the date entitlement arose, whichever is the later. 38 U.S.C. § 5110(a); 38 C.F.R. § 3.400. When an award is based on a claim to reopen a previously denied claim, the effective date will be the date of receipt of the new (i.e., reopened) claim or the date entitlement arose, whichever is later, unless new and material evidence was received within the relevant appeal period. 38 C.F.R. § 3.400(q).

In deciding this case based on its application of the law to the pertinent facts, the Board notes that the "date of receipt" of claim means the date on which the claim was received by VA, except as to specific provisions for claims received in the State Department, the Social Security Administration, or the Department of Defense. 38 C.F.R. § 3.1(r).

Review of the Veteran's claims file shows that the Veteran's earliest claim of entitlement to a TDIU of record was received December 22, 2017. See VA Form 21-526EZ. The Veteran indicated in a January 2018 formal TDIU claim that it was the aggregate of his service-connected disabilities which precluded him from obtaining substantial gainful employment. That initial TDIU claim was denied in a May 2018 rating decision. The Veteran filed another VA Form 21-526EZ again seeking entitlement to a TDIU in November 2018; additional evidence submitted within a year of the May 2018 rating decision denying the initial claim rendered that claim open and pending. A second rating decision was issued in June 2019, following which the Veteran again submitted a claim for TDIU that was received by VA in October 2019. The rating decision at issue, granting entitlement to TDIU effective from October 28, 2019, was issued in February 2020.

In terms of the date entitlement arose, TDIU may be assigned where the schedular rating is less than total, when it is found that the disabled person is unable to secure or follow a substantially gainful occupation as a result of a single service-connected disability ratable at 60 percent or more, or as a result of two or more disabilities, provided at least one disability is ratable at 40 percent or more, and there is sufficient additional service-connected disability to bring the combined rating to 70 percent or more. 38 C.F.R. §§ 3.340, 3.341, 4.16(a).

As of December 22, 2017, the Veteran met the schedular rating requirements for a TDIU, see 38 C.F.R. § 4.16(a), as he had a single disability rated at 70 percent (PTSD with depression), as well as additional musculoskeletal and audiological disabilities. The Veteran completed four years of high school. The Veteran last worked in May 2006 as a warehouse man.

The Veteran's PTSD has resulted in occupational and social impairment with deficiencies in most areas throughout the appellate period. His PTSD is characterized by depressed mood, anxiety, suspiciousness, chronic sleep impairment, mild memory loss, disturbances of motivation and mood, and difficulty in establishing and maintaining effective work and social relationships. See May 2019 VA Examination. In addition, the Veteran's hearing loss and tinnitus have been noted to be productive of functional impairment, including in an employment setting. Specifically, difficulty hearing, especially in louder environments as well as high pitched and electronic sounds. See May 2018 VA examination. Furthermore, a May 2018 VA examiner noted that the Veteran was to limit right shoulder use, as his right shoulder arthritis and dislocation was productive of functional impact. The Veteran underwent another VA examination in May 2018, indicating that he experiences fatigue as a result of his heart murmur. 

The Board finds that the impact of the Veteran's combined service connected disabilities has made it impossible for him to secure and maintain substantially gainful employment throughout the appellate period. The Veteran has no additional specialized education, training, or other experience that suggests he may be able to secure gainful employment outside of his past work as a warehouse employee. Moreover, many of the symptoms that impact the Veteran's ability to successfully work as a warehouse man, such as sleep impairment, difficulty adapting to stressful circumstances, and difficulty in establishing and maintaining effective work and social relationships, hearing impairment, and limitations with right shoulder use, would impact the Veteran's ability to successfully perform work in most occupational settings.

Based on the above, the Board finds that the Veteran has continuously prosecuted that initial TDIU claim since the December 2017 filing. As the claim was filed over a year after his discharge from service, the earliest effective date applicable is the date the claim was received. See 38 C.F.R. § 3.400. Accordingly, the Board finds that the date of the Veteran's claim, or December 22, 2017, is the appropriate effective date for entitlement to TDIU. The Board finds that the effective date for the grant of a TDIU is granted to December 22, 2017, but no earlier the date of his original claim. 38 U.S.C. § 5107(b); 38 C.F.R. §§ 3.102, 4.3; Gilbert v. Derwinski, 1 Vet. App. 49, 53-56 (1990). 

 

 

Caroline B. Fleming

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board Comninos, Georgio

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.